IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

DONTIEZ PENDERGRASS and
SHAWN THOMAS,

Defendants.

CIVIL ACTION NO.
1:17-CR-315-LMM-JKL

## ORDER

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [80], recommending that (1) Defendant Pendergrass's Motions to Suppress [37, 41] be granted in part, as to the LG phone seized on March 10, 2017, and denied in all other respects; and (2) Defendant Thomas's Motions to Suppress [34, 35] be denied. Pursuant to 28 U.S.C. § 636(b)(1), Defendants Pendergrass and Thomas each filed Objections to the R&R [88, 91]. After due consideration, the Court enters the following Order:

### I. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Defendants filed objections,

the Court reviews the Magistrate Judge's challenged recommendations on a *de novo* basis. 28 U.S.C. § 636(b)(1). The Court will consider each Defendant's objections in turn.

## II. DISCUSSION

### a. Defendant Pendergrass's Objections

Defendant Pendergrass argues: (1) the Magistrate Judge erred in finding law enforcement more credible than Anquaniece and Alicia Jones with respect to whether the home smelled like marijuana; (2) the Magistrate Judge erred in finding the March 11, 2017 searches were lawful; and (3) this Court should order a second hearing to evaluate the Magistrate Judge's credibility determinations. The Court **OVERRULES** these objections.

First, as to the credibility issue, the Court finds the Magistrate Judge properly credited law enforcement's testimonies that the Wenham Lane home smelled like marijuana. Marijuana was found in the home following the search in the garage, and Alicia Jones, the owner of the home, told law enforcement that her son—who lived in the home—smoked marijuana. Thus, corroborating evidence suggests that law enforcement's testimonies were more credible. See also U.S. v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (holding that a reviewing court "should defer to the magistrate judge's [credibility] determinations unless his understanding of the facts appears to be 'unbelievable.'").

But, even if the home did not smell of marijuana, Pendergrass does not appear to contest that the officers would have had reasonable suspicion that Pendergrass was violating the terms of his probation or otherwise engaged in criminal conduct. Thus, the March 11, 2017 searches were lawful. The Court **ADOPTS** the Magistrate Judge's recommendations as to the March 11, 2017 searches and **DECLINES** to order a new hearing. See R&R, Dkt. No. [80] at 29-40.

### b. Defendant Thomas's Objections

Defendant Thomas essentially objects to all of the Magistrate Judge's findings with respect to his motions, arguing: (1) none of the three warrants were supported by probable cause; (2) the seizure of the black pants with white stripes was not permissible under the plain view doctrine; (3) the Facebook warrant was overbroad; and (4) the Magistrate Judge erred in finding Shanavia McCall and Alicia Jones's identifications reliable. Dkt. No. [88]. The Court has reviewed the R&R and **ADOPTS** the R&R as the Order of the Court. See Dkt. No. [80] at 44-71.

The Court finds the warrants were supported by probable cause and accepts the Magistrate Judge's credibility determinations. See Ramirez-Chilel, 289 F.3d at 749 (holding that a reviewing court "should defer to the magistrate judge's [credibility] determinations unless his understanding of the facts appears to be 'unbelievable.'"). Further, the Court agrees with the Magistrate Judge that the black pants at least bore such a "strong resemblance" to the pants worn

3

during the crime that it was reasonable for law enforcement to conclude the pants were evidence related to the robberies and thus permissible to be seized under the plain view doctrine. Finally, the Court agrees that the Facebook warrant falls within the Leon good faith exception. See R&R, Dkt. No. [80] at 62-66. Defendant Thomas's Objections are thus **OVERRULED**.

### III. CONCLUSION

The Magistrate Judge's R&R [80] is **ADOPTED** as the Order of this Court and Defendants' Objections are **OVERRULED**. Defendant Pendergrass's Motions to Suppress [37, 41] are **GRANTED, in part**, as to the LG phone seized on March 10, 2017, and **DENIED** in all other respects. Defendant Thomas's Motions to Suppress [34, 35] are **DENIED**.

The trial in this action against Dontiez Pendergrass and Shawn Thomas is hereby set to begin on Monday, February 25, 2019 at 9:30 A.M. in Courtroom 2107. The pretrial conference will be held on Wednesday, February 20, 2019 at 9:30 A.M. in Courtroom 2107. By noon on Friday, February 8, 2019, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on Friday, February 8, 2019, the Government must file a brief summary of the Indictment that the parties can rely on for *voir dire.* By noon on Thursday, February 14, 2019, the parties are to file responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through February 25, 2019, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendants and the

4

Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and Defendants in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 4th day of January, 2019.

_____
**Leigh Martin May**
**United States District Judge**