IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION FILE NO. |
| v. | 1:17-CR-315-LMM-JKL-1 |
| DONTIEZ PENDERGRASS, | |
| Defendant. | |

**FINAL REPORT AND RECOMMENDATION**

This criminal case is before the Court on Defendant Dontiez Pendergrass's Motion to Suppress Evidence as a Result of the Tower Dump in the Instant Case [Doc. 102]. The motion has been referred to me to issue a report and recommendation. [*See* Dkt. Entry dated Feb. 5, 2019.] For the following reasons, I recommend that the motion be **DENIED**.

Pendergrass is charged in this case with five counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and five corresponding firearm offenses in connection with the armed robberies of three restaurants, a grocery, and a laundromat in the metropolitan Atlanta area. [*See* Doc. 1.] Pendergrass filed several motions to suppress, which the Court has considered and ruled on. [Doc.

80 (Sept. 11, 2018 report and recommendation); Doc. 94 (Jan. 4, 2019 order adopting report and recommendation).] In one of those motions, Pendergrass previously sought to suppress information that the government received pursuant to a "tower dump." Pendergrass argued that because the government obtained the information by a court order, rather than a warrant, the evidence and fruits thereof should be suppressed under *Carpenter v. United States*, 138 S. Ct. 2206 (2018).[1] [*See* Doc. 37 at 2; Doc. 72.] In my report and recommendation dated September 11, 2018, I rejected Pendergrass's argument, concluding that, even if a tower dump is a Fourth Amendment search, the *Leon*[2] good faith exception to the exclusionary rule applies. [*See* Doc. 80.] In reaching my conclusion, I relied on several cases, including the then-recent decision in *United States v. Joyner*, 899 F.3d 1199, 1205 (11th Cir. 2018), which held that the good faith exception to the warrant requirement applied to a Stored Communications Act order for cell site information issued before *Carpenter* was decided. [*Id.* at 40-43.] Pendergrass did not object to that portion of my report and recommendation. [*See* Doc. 89.] On January 4, 2019,

---

[1] In a "tower dump," cell service companies provide data identifying all the cell phone numbers that used particular cell phone antennas at a specific location during a specific window of time. [Doc. 49 at 47.]

[2] *United States v. Leon*, 468 U.S. 897 (1984).

2

the District Judge adopted my recommendation that the motion to suppress be denied to the extent it sought suppression of the tower dump information. [Doc. 94 at 4.]

On February 3, 2019, a month after the District Judge entered her order adopting my report and recommendation, Pendergrass filed an out-of-time motion to suppress the same information "tower dump" information. [Doc. 102.] Though lengthier than his earlier motion to suppress, the gist of the motion is the same: Pendergrass again contends that a tower dump is a search under the Fourth Amendment, under *Carpenter* the government should have obtained a warrant, and, therefore, the information should be suppressed. [*Id.*] Pendergrass's motion does not address (or even acknowledge) this Court's prior rulings on this issue, much less the application of the *Leon* good-faith exception.

The Court could deny Pendergrass's motion as untimely. The deadline for filing pretrial motions expired on November 27, 2017. [Doc. 33.] In addition, I gave Pendergrass an opportunity to supplement his motion to suppress to address *Carpenter* by July 23, 2018 [Doc. 70], and Pendergrass did so [Doc. 72]. On August 17, 2018, with leave of Court, Pendergrass filed a reply in support of his supplemented motion, in which he acknowledged the Circuit's decision in *Joyner*

3

but declined to concede his challenge to the tower dump.  [Doc. 79.]  Pendergrass does not point to a single argument in his new motion that he could not have timely raised before the motions deadline or in one of his supplemental filings.

But even on its merits, the motion is due to be denied for the same reasons that I previously explained in my report and recommendation.  Assuming for the sake of argument that *Carpenter* applies to tower dumps, I remain of the view that the tower dump in this case fits within the *Leon* good-faith exception to the exclusionary rule as applied in *Joyner*.  *See Joyner*, 899 F.3d at 1204-05 (holding that data obtained prior to the ruling in *Carpenter* was not suppressible under *Leon* good faith exception).  Specifically, FBI Special Agent Matthew Winn obtained a court order for the tower dump on January 30, 2017, pursuant to the Stored Communications Act, nearly seventeen months before *Carpenter* was decided. [Doc. 102-1 (Application for Cell Tower Records), Doc. 102-2 (Order for Cell Tower Records).]  At that time, the law in this Circuit was that communications records obtained under the Stored Communications Act could be obtained by a court order without the need of a search warrant.  *See United States v. Davis*, 785 F.3d 498 (11th Cir. 2015) (en banc) (holding that "the government's obtaining a[n 18 U.S.C.] § 2703(d) court order for the production of [defendant's telephone

4

company's] business records did not violate the Fourth Amendment"). Accordingly, SA Winn had a good-faith basis to believe that he was not conducting a search that would require a warrant under the Fourth Amendment, and the *Leon* exclusionary rules applies and Pendergrass's motion to suppress should be denied.

For the foregoing reasons, it is **RECOMMENDED** that Pendergrass's Motion to Suppress Evidence as a Result of the Tower Dump in the Instant Case be **DENIED**.  [Doc. 102.]

This report and recommendation resolves all matters referred to me.  This case remains **CERTIFIED READY FOR TRIAL**.

IT IS SO RECOMMENDED this 6th day of February, 2019.

_____
JOHN K. LARKINS III
United States Magistrate Judge