IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

DONTIEZ PENDERGRASS,

Defendant.

CRIMINAL ACTION NO.
1:17-CR-315-LMM-JKL

## **ORDER**

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [106], recommending that Defendant Pendergrass's Second Motion to Suppress Evidence as a Result of the Tower Dump [102] be denied. Pursuant to 28 U.S.C. § 636(b)(1), Defendant Pendergrass filed Objections to the R&R [113]. After due consideration, the Court enters the following Order:

### I.  **LEGAL STANDARD**

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Defendant filed objections, the

Court reviews the Magistrate Judge's challenged recommendations on a *de novo* basis. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

On January 4, 2019, this Court adopted the Magistrate Judge's Report and Recommendation [80], which denied Defendant Pendergrass's initial motion to suppress the tower dump. The Magistrate Judge had recommended that, in light of United States v. Joyner, 899 F.3d 1199, 1205 (11th Cir. 2018), which held that the Leon[1] good faith exception to the warrant requirement applied to a Stored Communications Act order for cell site information issued pre-Carpenter,[2] Defendant's motion was due to be denied. See Dkt. No. [80] at 40-43. Defendant did not object to this recommendation.

On February 3, 2019, Defendant Pendergrass filed an out-of-time motion to suppress the same tower dump information. Dkt. No. [102]. This motion was more detailed than his previous motion, but essentially raised the same issue: that a tower dump is a search under the Fourth Amendment that requires a warrant under Carpenter. The next day, Pendergrass obtained new counsel. On February 6, 2019, the Magistrate Judge issued an R&R again denying Pendergrass's motion, finding that the Leon good-faith exception to the exclusionary rule continued to apply following Joyner. Dkt. No. [106] at 4.

---

[1] United States v. Leon, 468 U.S. 897 (1984).

[2] Carpenter v. United States, ___ U.S. ___, 138 S. Ct. 2206 (2018).

2

On March 4, 2019, Defendant Pendergrass's new counsel filed objections to the R&R. Defendant Pendergrass objects that "(1) the plain language of the Stored Communications Act does not authorize or contemplate the kind of wholesale and sweeping request for cell tower information obtained by the government in this case; [and,] (2) even if the good faith exception was applicable, the government did not comply with all requirements of the Stored Communications Act when seeking the court order and thus cannot have acted in good faith reliance." Dkt. No. [113] at 1-2. Neither of these two arguments were presented to the Magistrate Judge in either of the prior two rounds of briefing on this issue.

As an initial matter, because these arguments were not presented in any of the prior briefing with the Magistrate Judge or the prior objections to this Court, the undersigned could overrule the objections on waiver grounds alone. See Fed. R. Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review."). Though the Court is not inclined to give Defendant Pendergrass what is essentially a third bite at the apple, because the Court finds Defendant Pendergrass's objections are meritless, the Court will address them here.

First, the Court finds, consistent with other district courts that have considered the issue, the Stored Communications Act's plain language does not prevent a tower dump because the default rule of statutory construction is that use of the singular includes the plural meaning. See 1 U.S.C. § 1 ("In determining

3

the meaning of any Act of Congress, unless the context indicates otherwise--words importing the singular include and apply to several persons, parties, or things. . . ."); In re Application of the United States of America, 42 F. Supp. 3d 511, 513 (S.D.N.Y. 2014) (finding that cell tower dumps are not precluded by the Stored Communications Act because "the default rule of statutory construction that words importing the singular include the plural meaning." (quoting Carrow v. Merit Sys. Protection Bd., 564 F.3d 1359, 1366 (Fed. Cir. 2009)).

Second, whether the Government complied with the Stored Communications Act notice requirements *after* the tower dump data was obtained does not have any bearing on whether it reasonably relied on the Storage Communications Act at the time the information was *requested*. United States v. Warshak, 631 F.3d 266, 289–90 (6th Cir. 2010) ("Conceding that it violated the notice provisions, the government argues that such violations are irrelevant to the issue of whether it reasonably relied on the SCA in obtaining the contents of Warshak's emails. We agree. As the government notes, the violations occurred after the emails had been obtained. Thus, the mistakes at issue had no bearing on the constitutional violations. Because the exclusionary rule was designed to deter constitutional violations, we decline to invoke it in this situation."). Thus, the Court **OVERRULES** Defendant Pendergrass's objections and again **ADOPTS** the R&R [106] as the order of this Court.

### III. CONCLUSION

The Court **OVERRULES** Defendant Pendergrass's objections and again **ADOPTS** the R&R [106] as the order of this Court. Defendant Pendergrass's Motion to Suppress [102] is **DENIED**.

**IT IS SO ORDERED** this 27th day of March, 2019.

**Leigh Martin May**
**United States District Judge**