IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONTIEZ PENDERGRASS, | : | |
| | : | |
| | : | CRIMINAL ACTION NO. |
| | : | 1:17-CR-0315-1-LMM |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| | : | 1:22-CV-3862-LMM |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| | : | |
| Respondent. | : | |

# **ORDER**

This matter is before the Court for consideration of the Final Report and Recommendation (R&R), [Doc. 251], in which Magistrate Judge John K. Larkins, III, recommends that Movant Dontiez Pendergrass' 28 U.S.C. § 2255 motion to vacate his conviction and/or sentence, [Doc. 236], be denied. Movant has filed his objections to the R&R. [Doc. 253].

**I. Background and Legal Standard**

On June 24, 2019, a jury of this Court convicted Movant of two counts of Hobbs Act Robbery, three counts of attempted Hobbs Act Robbery, three counts of brandishing a firearm during, and in relation to, an armed robbery, and two counts of discharging a firearm during, and in relation to, an armed robbery.

[Doc. 164]. On September 11, 2019, this Court imposed a total sentence of 552 months. [Docs. 190, 191]. Movant's crimes involved robbing, at gunpoint, several restaurants, a small grocery store, and a laundromat. During one of the robberies, the owner of a grocery store was shot in the face and severely wounded. The Eleventh Circuit affirmed Movant's convictions and sentences. *United States v. Pendergrass*, 995 F.3d 858 (2021). Movant then filed the instant § 2255 motion.

The Magistrate Judge provided an exhaustive review of the record and discussed Petitioner's claims for relief at length. All of Movant's grounds raised claims of ineffective assistance of counsel. In his extensive analysis of Movant's claims, the Magistrate Judge determined that Movant had not demonstrated that his counsel was deficient or that Movant had suffered prejudice. As a result, the Magistrate Judge determined that Movant is not entitled to relief under the standard for evaluating ineffective assistance claims under *Strickland v. Washington*, 466 U.S. 668 (1984).

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.

Frivolous, conclusive or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

## II. Discussion

Movant's objections are not particularly coherent, and they certainly do not show that the Magistrate Judge erred. Movant's first objection is about a non-existent Fourth Amendment waiver. At the time of the investigation, Movant was on probation, but the conditions of his probation did not include a waiver of Movant's Fourth Amendment rights. At the time that they were investigating the robberies, law enforcement officers were apparently unaware that no waiver was in place. However, as found repeatedly by this Court, the searches and seizures that Movant challenged were all lawful without a waiver. [Doc. 80 at 30, 251 at 34-35]. Indeed, Movant has not explained how the issue regarding the waiver matters in light of the fact that the Magistrate Judge determined that "the fact that Movant did not have a Fourth Amendment waiver was not relevant to the proceedings." [Doc. 251 at 35].

Next, Movant contends that cell-phone "tower dump" data used by the Government at the trial did not show that his cell phone was at any of the robbery locations during the relevant times. However, the Magistrate Judge addressed this claim directly and established that Movant's contentions are entirely false. *Id.* at 30 & n.17. The evidence produced at trial showed that the phone number ending in -1011 was registered with T-Mobile under Movant's name and the

3

phone associated with that number was in the vicinity of several of the crime scenes when the robberies occurred.  *Id.*; *see* [Doc. 240-1].[1]

Movant further objects that the Magistrate Judge failed to address his claim that his trial counsel misused government funds and his claim regarding "forged Google Maps."  However, Movant has not shown how his trial counsel's use or misuse of funds would have affected his rights.  Movant's specific allegations concern trial counsel's application for funds for an expert to analyze DNA on his backpack, but, as Movant admits, no DNA was found on the backpack.  [Doc. 236 at 25].  As a result, even in the unlikely event that trial counsel improperly hired the expert, it could not have affected the outcome of his trial.  As to the forged Google maps, this Court has reviewed Movant's § 2255 motion and could find no mention of Google maps, forged or otherwise.

In his final objection, Movant contends that the Magistrate Judge failed to address his argument that counsel assured him that he could discredit DNA evidence linking him to one of the crime scenes.  However, as the Magistrate

---

[1] Movant's contention that, because the T-Mobile report on Movant's cell phone was not prepared until April 2017, [Doc. 240-1 at 2], he could not have been a suspect at the time he was arrested March 2017.  However, the record reveals that Movant was initially arrested in part for his having violated the terms of his probation, *id.* at 32, such that it is clear that there was sufficient probable cause for his arrest.  In any event, the "tower dump" information received by investigators in March 2017, which differs from the information provided by T-Mobile in April, showed that Movant's cell phone was near several of the crime scenes, and investigators had learned Movant's phone number from a witness.  In other words, the police had reason to suspect Movant before it received the T-Mobile report.

Also, Movant's related contention that someone named Kelvin Porter requested the data from T-Mobile does nothing to indicate that Movant's rights were violated.  It was determined and redetermined that the tower dump data was admissible at Movant's trial, [Docs. 80 at 42-43, 106 at 4-5, 116 at 3-4], and Movant has not shown that the procedural mechanism for obtaining the data once a court order had been secured would affect its admissibility.

4

Judge found, the record clearly establishes that trial counsel "thoroughly cross-examined both the DNA expert and [the lead investigator] at trial in a methodical attempt to discredit the validity of both the [DNA] samples and the analysis thereof—which demonstrated that counsel was abundantly prepared." [Doc. 251 at 36]. Movant has not shown that trial counsel could have done more, or done things differently, to discredit that evidence such that it would affect the outcome of his trial,[2] and he thus he has failed to demonstrate prejudice under *Strickland*.

## III. Conclusion

For the foregoing reasons, the Court concludes that Judge Larkins is correct. Accordingly, the R&R, [Doc. 251], is **ADOPTED** as the order of the Court and the pending 28 U.S.C. § 2255 motion to vacate, [Doc. 236], is **DENIED**.

The Court further agrees with Judge Larkins that Movant has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). The Clerk is **DIRECTED** to close Civil Action Number 1:22-CV-3862-LMM.

**IT IS SO ORDERED** this 7th day of November, 2023.

**Leigh Martin May**
**United States District Judge**

---

[2] As noted by the Magistrate Judge, [Doc. 251 at 23 n. 13], the Eleventh Circuit characterized the evidence against Movant produced by the Government as "overwhelming" *Pendergrass*, 995 F.3d at 874, "formidable," *id.*, "crushing," *id.*, "strong," *id.* at 875, "substantial," *id.* at 880, an "avalanche of evidence," *id.* at 875, and a "sea of evidence," *id.*—all of which "handily established," *id.*, and "formidably demonstrated," *id.* at 882, Movant's guilt of all counts.